IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DENNIS M. ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | 4:11CV3022 |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM AND ORDER |
| CABELA'S, INC., | ) | |
| | ) | |
| Defendant. | ) | |

The plaintiff has moved to compel the defendant to provide full and complete answer to plaintiff's Interrogatories No. 1, 2, 3, and 4. (Filing No. 24). The plaintiff also requests sanctions, including an award of attorney fees and costs, and the summary denial of the defendant's pending motion for summary judgment.


On August 24, 2011, the plaintiff served four interrogatories on the defendant. At the defendant's request, the plaintiff granted the defendant an extension of time to answer the discovery requests. On October 3, 2011, the defendant responded as follows:


**Interrogatory No.1**: Please provide a list of all employees who were assigned BCE[1] goals from January 2008 forward. For each employee listed, please state

---

[1]BCE is an acronym for "business continuity exercise."

> A BCE is a logistical exercise that involves switching between main and systems practiced in the event an actual problem arises with Cabela's main system that necessitates making this switch. BCE's are performed at regular intervals throughout the year and consist of two phases. The first phase of the BCE is the switch from utilization of Cabela's main computer processor to backup processors. The second phase (which usually occurs within a few days of the first phase) is the switch back to Cabela's main processor. This process is extremely

their job title, when the goal was assigned, whether the goal was completed successfully, whether additional compensation was available for performance a BCE goal, and what compensation was provided for performance toward a BCE goal.

> **ANSWER**: Cabela's objects to this interrogatory on the basis that it is vague, unduly burdensome, overbroad and not likely to lead to the discovery of admissible evidence. It would be extremely time intensive, if not impossible, to determine if any of these employees had ever, in any context, been assigned a "BCE goal from January 2008 forward."

After discussions were held between counsel, as of November 1, 2011, the plaintiff agreed to limit this request to Cabela's Sidney location.  The plaintiff explains that he is seeking specific information regarding other similarly situated employees who were assigned a BCE goal.  Filing No. 26, p. 6.

The defendant continues to object to the interrogatory as overly broad, unduly burdensome, and the information requested is irrelevant.  The defendant argues:  "No showing has been made of how all Cabela's employees that are employed in one of the several locations comprising Cabela's world headquarters in Sidney, Nebraska are comparators of Plaintiff and similarly-situated."  Filing No. 32, p. 6.  The defendant also states that the plaintiff's former manager, Tammy Harms, "does not recall assigning a BCE-related goal in an annual performance evaluation to any of the other employees she supervised."  Filing No. 25-5, p. 1.

The defendant's position is correct.  The plaintiff was a computer operator in the defendant's Sidney, Nebraska corporate office, (filing no. 1-1, ¶ 7), and due to the degree of detail required for his job, claims he could not timely perform his BCE goal due to macular

---

complex and requires the involvement of numerous Cabela's employees at various stages.

Filing No. 30-1, ¶ 7.

disorder which limited his eyesight.  The plaintiff's interrogatory is not limited to computer operators–the people who would most likely be "similarly situated" to the plaintiff.  Requiring the defendant to research and disclose detailed information for every employee assigned a BCE goal is overbroad and exceeds the relevancy requirement of the discovery rules, particularly where the plaintiff's manager acknowledges that she did not assign a BCE-related goal to any other employee's annual performance evaluation.[2]

Interrogatory 2 and defendant's response are as follows:

**Interrogatory No. 2**:  Please provide a list of employees whose job descriptions were eliminated from January 2009 to the present. For each employee listed, please state whether they were reassigned to positions with a job description, and if so, state the job description and whether their compensation changed with their change in duties.

**ANSWER:** Cabela's objects to this. interrogatory on the basis that it is vague, unduly burdensome, overbroad and not likely to lead to the discovery of admissible evidence. As stated above, Cabela's employs more than 14,000 employees internationally and alters, modifies or replaces parts or complete job descriptions for employees as necessary and determined based on business needs. It would be extremely time intensive, if not impossible, to determine what "job descriptions [had been] eliminated from January 2009 to the present."

After discussions were held between counsel, the plaintiff agreed to limit this discovery request to the employees at Cabela's Sidney location. However, the defendant asserts that the interrogatory remains overly broad, unduly burdensome, and the information

---

[2]The plaintiff's reply brief argues: "In the Defendant's Brief is Support of Motion for Summary Judgment, the Defendant cites to facts directly related to this request." Filign No. 34, p. 3.  The plaintiff cites to a specific location in the defendant's brief when making this claim.  The court has read defendant's summary judgment brief and did not find any reference to BCE goals assigned to other Cabela's employees.

requested is irrelevant.  The defendant explains: 1) as to all employees, job descriptions are formally and informally evaluated and, if appropriate, modified on a continuous basis; 2) Cabela's does not formally track changes to job descriptions; 3) there is no method for Cabela's to determine which employees' "job descriptions were eliminated;" and, 4) even if the defendant could answer this interrogatory, the plaintiff has admitted that any changes to his job description were not limited to him, but were universally applicable to all employees in the departments being consolidated.  Filing No. 25-5, p. 1-2.

The plaintiff's complaint alleges, "On or about June 2009, Plaintiff was informed that his job description 'no longer existed' and he would be moved to an undetermined department at the pay rate of his initial hiring."  Filing No. 1-1, ¶ 17.   The plaintiff argues the defendant must respond to interrogatory 2 because "[k]nowing if others had their job descriptions eliminated and whether or not a reduction in pay typically accompanied an elimination of job description and modification of job duties is directly related" to the plaintiff's retaliation claims.  Filing No. 26, p. 7.

After considering the parties' arguments, the court finds the defendant's argument is correct.  The plaintiff's interrogatory is not limited to the defendant's job or any consolidation of Cabela's IT department.  The plaintiff admits that he was assigned additional duties, and his job description was modified in mid-2009, due to the consolidation of departments with Cabela's IT department. He admits that the consolidation affected the job duties of approximately ten employees, including the plaintiff's.  Filing No. 30-7, pp. 126-29.  The plaintiff's interrogatory is not, however, tailored to this circumstance.   As drafted, interrogatory 2 is overbroad and exceeds the boundary of relevant discovery.[3]

_____

[3]The plaintiff's reply brief states:

The Defendant then argues in their Brief in Support of Motion for Summary Judgment that "as a result of this combination, the current job titles and

Interrogatory 3 and defendant's response of record are as follows:

> **Interrogatory No. 3:** Please provide a list of employees who were not immediately granted their full bonus, but provided the rest of their bonus at a later date. For each employee listed please state when the portion of their bonus was paid, when the remainder of their bonus was paid, the reason they were initially only paid a portion of their bonus, and the reason they were paid the rest of their bonus.
>
>> **ANSWER:** Cabela's objects to this interrogatory on the basis that it is vague, unduly burdensome, overbroad and not likely to lead to the discovery of admissible evidence. As stated above, Cabela's employs

_____

> descriptions of all individuals in each department, approximately 10 total, were being phased out and replaced with new ones reflecting any changed duties." This argument relies directly upon the specific information that is requested by the Plaintiff, and the information that the Defendant has in bad faith objected to providing.

Filing No. 34, p. 2.

If plaintiff actually wanted "the specific information" for the 10 persons referred to in the defendant's brief and known by the plaintiff himself, (filing no. 30-7, pp. 126-29), the plaintiff should have limited the interrogatory as such during discussions with defense counsel. Even as limited by plaintiff's counsel, interrogatory 2 asks for information well beyond the 10 persons whose jobs were altered when Cabela's IT department was consolidated.

Although the defendant could have provided the information as to these 10 individuals, the plaintiff chose to pursue information for all employees at Cabela's Sidney location and the defendant chose to stand on its objections. Therefore, the issue before the court is whether the defendant must comply with the plaintiff's request as drafted and then limited by the plaintiff. The court finds the defendant need not comply with the plaintiff's request, and it did not act in bad faith by standing on its objections in light of the plaintiff's position.

more than 14,000 employees and awards bonuses on an entirely
discretionary basis. It would be extremely time intensive, if not
impossible to determine whether, at any time in the Company's
fifty-year history, an employee's discretionary bonus had been
reevaluated and additional discretionary bonus paid.

After discussions were held between counsel, the plaintiff agreed to limit this
discovery request to Cabela's Sidney location and to the time period of 2008 to present.  The
plaintiff asserts he was denied a full bonus as a result of his inability to complete the BCE
exercise, one of his assigned goals, and he complained about the discrimination of being
assigned a goal which he was physically incapable of successfully completing.  Although the
plaintiff admits he was eventually paid the full bonus amount, he claims the delay is relevant
because the payment was not made until he threatened legal proceedings.

The defendant asserts that the interrogatory remains overly broad, unduly burdensome,
and the information requested is irrelevant. In a letter sent before the motion to compel was
filed, the defendant explained that all bonuses are discretionary, and while a "target bonus"
may be established as part of an employee's performance profile and development review,
"full bonuses" do not exist.  Rather, several factors are considered in determining whether and
to what extent the employee is entitled to a bonus.  That said, in answer to the plaintiff's
question, Cabela's identified the fourteen employees who received "one discretionary bonus
based on achievement of assigned goals and within that same year were provided with an
additional bonus payment based on achievement of assigned goals."   Filing No. 25-5, pp. 2-
3.  In a supplemental interrogatory response, the defendant stated:  "No records of the various
reasons for these bonus payments are maintained by Cabela's."  Filing No. 25-6, p. 3.

After the plaintiff's motion to compel was filed, the defendant supplemented its
response to interrogatory 3.  Cabela's explained that "[d]espite not maintaining any records
of the reasons for these additional payments, . . . Cabela's conducted extensive interviews of
its employees to determine the reasons for these payments" (Filing No. 32, p. 10).   The

-6-

information obtained from these interviews was provided in Cabela's second supplement to interrogatory 3 on November 23, 2011.

It appears that interrogatory 3 is now fully answered.  The court need not rule on the defendant's objections.

Interrogatory 4 and defendant's response of record are as follows:

**Interrogatory No.4:**  Please describe the process utilized by the Defendant for processing applications utilizing disability insurance benefits by employees.

> **ANSWER:**  Cabela's objects to this interrogatory on the basis that it is vague, unduly burdensome, overbroad and not likely to lead to the discovery of admissible evidence. Notwithstanding said objections, the typical process for processing short-term disability applications involves the employee filing a claim for short-term disability benefits and forwarding the required paperwork and supporting medical information to Cabela's Leave Manager. If the application is approved, the employee is placed on short-term disability leave and paid short-term disability benefits through Cabela's payroll. While an employee is on short-term disability leave, confirmation of the ongoing need for leave will be made at appropriate intervals (as determined, in part, based on the medical information submitted by the employee indicating anticipated duration of need for leave).

The plaintiff acknowledges he received his short-term disability benefits, but claims his long-term benefits were delayed due to "deliberate mishandling of the Plaintiff's claim." The plaintiff seeks an interrogatory response which summarizes defendant's procedure for processing long-term disability claims; the plaintiff is claiming the defendant did not follow this routine procedure, but instead treated him differently because of his disability.   Filing No. 26, pp. 9, 11. The plaintiff concedes that "[t]he Interrogatory was intentionally left broad" to cover both short- and long-term disability.  Filing No. 26, p. 8.

The defendant asserts that the interrogatory remains overly broad, unduly burdensome, and the information requested is irrelevant. The defendant states: "Short-term disability benefits, in the form of partially paid leave, is provided and administered by Cabela's for its employees. A description of the process for requesting these short-term disability benefits was provided notwithstanding our objections." Filing No. 25-5, p. 3. However, long-term disability is administered by the disability insurer and, as such, the defendant did not interpret the plaintiff's interrogatory as including long-term disability applications. Cabela's states it does not process any long-term disability benefit applications. It provided the plaintiff with a copy of the long-term disability policy.

Cabela's has answered interrogatory 4. The court need not rule on the defendant's objections.

For all the foregoing reasons,

IT IS ORDERED:

1)      The plaintiff's motion to compel, (filing no. 24), is denied.

2)      The plaintiff's motion to extend the deadline for responding to the defendant's motion for summary judgment, (filing no. 33), is denied.

DATED this 5th day of December, 2011.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.